# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:23-mc-7-RJC

| | | |
|---|---|---|
| **STACI ANNE BRAUN,** | ) | |
| *on behalf of C.B., a minor,* | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **STATE OF NORTH CAROLINA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**THIS MATTER** comes before the Court on a *pro se* "Petition for a Writ of Habeas Corpus." [Doc. 1].

## I.  BACKGROUND

Staci Anne Braun,[1] proceeding *pro se,* purports to seek a writ of habeas corpus on behalf of her minor daughter, C.B.,[2] who is allegedly being illegally detained by the North Carolina Department of Social Services ("DSS") pursuant to the Juvenile Code of North Carolina's emergency removal provisions.[3] Ms. Braun asserts that "[t]he instant Petition is NOT a § 2241 or

---

[1] The Petitioner previously filed an action in this Court against the State of North Carolina, her former romantic partner, and a law firm, for assault and defamation with regards to the custody and guardianship of C.B., Case No. 3:22-cv-357-RJC-DCK.

[2] Petitioner is instructed to refer to the minor child by her initials rather than her full name .

[3] The Juvenile Code of North Carolina is codified at Chapter 7B of the North Carolina General Statutes. Subchapter I establishes procedures for the processing in the state courts of juvenile cases involving abuse, neglect, and dependency. See generally Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., 521 F. App'x 278, 282 (4th Cir. 2013); N.C. Gen. Stat. §§ 7B–100 to 1414. Those procedures include, *inter alia*, the appointment of counsel for indigent parents, the appointment of guardians ad litem to represent juveniles, and the conduct of various judicial proceedings to assess and determine the need for custody by the state. See id. §§ 7B–506, 601, 602.

1

a § 2254. This Petition is a Constitutional Petition for a *Writ of Habeas Corpus U.S. Constitution pursuant to Article I, Section 9, Clause 2* that is guaranteed NOT to be suspended under the current situation in the United States." [Doc. 1 at 1, n.1]. She claims that DSS has violated the Fourteenth Amendment's Due Process Clause, the Eighth Amendment, and North Carolina law by *inter alia:* inadequately and improperly responding to allegations that C.B. was being abused; making incorrect determinations about C.B.'s custody and placement; negligently and cruelly placing C.B. in a psychiatric hospital and imposing restrictions on visitation and phone calls with Ms. Braun; and failing to comply with the Juvenile Code's procedural requirements.[4] As relief, Ms. Braun seeks C.B.'s release to her custody and a hearing. [Doc. 1 at 13-14].

## II.    STANDARD OF REVIEW

Although Petitioner is not proceeding *in forma pauperis*, this filing is nonetheless subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that the case is not frivolous. See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. Aug. 22, 2012); Pillay v. INS, 45 F.3d 14, 16–17 (2d Cir. 1995) (noting that although 28 U.S.C. § 1915(d) was not applicable where a pro se party filed an appeal and paid the filing fee, the court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"); Fed. R. Civ. P. 12(h)(3) (a court must dismiss a matter if it determines it lacks subject matter jurisdiction at any point in the proceeding).

A *pro se* complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal

---

[4] The Petition contains a laundry list of allegations which the Court will not attempt to address exhaustively.

law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

Ms. Braun purports to seek a writ of habeas corpus on behalf of her minor child.  However, Ms. Braun is unable to represent C.B. in this case notwithstanding their parent/child relationship, because Ms. Braun is not represented by counsel.  The Fourth Circuit has rejected the right of individuals to litigate *pro se* on behalf of others, even with respect to a non-attorney parent's claims on behalf of their minor children in federal court. See Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005); Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 243 (4th Cir. 2020) ("The right to litigate for oneself … does not create a coordinate right to litigate for others."); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 133-34 (2d Cir. 2009) ("The fact that a[n] … incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle … that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel."); see also 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases *personally* or by counsel….") (emphasis added). Therefore, the claims that Ms. Braun purports to assert on behalf of C.B. are dismissed.

The case also cannot proceed to the extent that Ms. Braun seeks habeas review on her own behalf because she essentially seeks to challenge to child custody proceeding in the North Carolina courts, over which this Court lacks jurisdiction.

First, federal courts have no jurisdiction over child custody disputes. Matters of family law traditionally have been reserved to the state or municipal court systems. See Moore v. Sims, 442 U.S. 415, 435 (1979); see Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (noting that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws

3

of the States and not to the laws of the United States."). Under "the domestic relations exception" to federal jurisdiction, federal courts do not have the power to intervene with regard to child custody or visitation decrees. In re Burrus, 136 U.S. 586, 594 (1890). Thus the relief that Ms. Braun seeks, *i.e.*, C.B.'s return to Ms. Braun's custody pursuant to a state court order, is essentially a request to modify that order. This Court lacks jurisdiction to do so.

Second, habeas corpus is not available in child custody matters. Ms. Braun purports to seek habeas corpus relief without identifying any legal basis to support her Petition. Liberally construing this action as seeking relief under the All Writs Act, 28 U.S.C. § 1651, it cannot proceed. Section 1651, "is a residual source of authority [by which a district court may] issue writs that are not otherwise covered by statute." Pennsylvania Bureau of Correction v. U.S. Marshals Service, 474 U.S. 34, 43 (1985). It allows courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions*." 28 U.S.C. § 1651(a) (emphasis added). However, "federal habeas has never been available to challenge parental rights or child custody." Lehman v. Lycoming Cnty. Children's Svcs. Agency, 458 U.S. 502, 511 (1982). As discussed *supra*, jurisdiction over child custody matters lies in the state courts, not this Court.

Third, this action cannot proceed insofar as Ms. Braun asks this Court to interfere with, and/or to review, state court proceedings. The Rooker-Feldman[5] doctrine applies both to claims at issue in a state court order, and to claims that are "inextricably intertwined" with such an order. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293-94 (2004). The success of Ms. Bauer's claims concerning DSS's removal proceedings appear to be inextricably intertwined with the custody-related claims that she now seeks to challenge. See, e.g., Ihenachor v. Md., 2018

_____

[5] See [3:22-cv-357, Doc. 6].

4

WL 1863678 (D. Md. April 18, 2018) (the success on plaintiff's claims necessarily depended on a determination that the state court wrongly decided issues of physical custody, legal custody, and child support, so that they were inextricably intertwined with the state court decision and thus the district court lacked subject matter jurisdiction pursuant to the Rooker-Feldman doctrine); Richardson v. N.D. Dep't of Health & Human Servs., 2012 WL 4426303 (E.D.N.C. June 29, 2012). Further, a federal court should not interfere in civil proceedings in which important state interests are involved, except in the most narrow and extraordinary of circumstances. See Younger v. Harris, 401 U.S. 37, 43-44 (1971) (addressing abstention in criminal matters); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975) (addressing abstention in civil proceedings in which important state interests are involved). This includes proceedings addressing the temporary removal of a child in a child-abuse context. See Moore, 442 U.S. at 423. The child removal proceedings at issue here involve important state interests, and the Court finds that narrow and extraordinary circumstances do not exist.[6] Accordingly, the Court will not review any North Carolina orders with regards to C.B.'s removal and custody, nor will it insert itself into the ongoing proceedings in the North Carolina courts.

Moreover, to the extent that Ms. Braun asserts that her federal constitutional rights have been violated under the color of state law, those claims should be raised, if at all, in a separate civil rights action.[7] See generally 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (to state a claim under § 1983, a plaintiff must allege that he was "deprived of a right

---

[6] Although Ms. Braun complains that there has been "**ZERO DUE PROCESS**" [Doc. 1 at 13] in the North Carolina removal proceedings, this is belied by her own filings, which reflect that DSS has conducted an initial review pursuant to N.C. Gen. Stat. § 7B-343(b1), and that hearings are scheduled in Wilkes County on January 23, 2023 and in Mecklenburg County on February 3, 2023. [Doc. 1-1 at 11]. It appears that Ms. Braun is represented by counsel in those proceedings. [See Doc. 1-1 at 12] (copying Ms. Braun's attorney); Doc. 1 at 5 (referring to "[m]y lawyer").

[7] The Court makes no determinations about the potential merit or procedural viability of such an action.

5

secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law"); 28 U.S.C. § 1367 (addressing supplemental jurisdiction).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus is dismissed without prejudice. Within thirty (30) day of this Order, Ms. Braun will be required to file an Amended Petition to correct the deficiencies identified in this Order, subject to all timeliness and procedural requirements.  Failure to timely comply with this Order will result in the dismissal of this action without prejudice and without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. The "Petition for a Writ of Habeas Corpus" [Doc. 1] is **DISMISSED** without prejudice.

2. Ms. Braun shall, within 30 days of this Order, file an Amended Petition in accordance with this Order.  If Ms. Braun fails to timely comply with this Order, this case will be dismissed and closed without further notice.

Signed: January 25, 2023

Robert J. Conrad, Jr.
United States District Judge

6